IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOLORES C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CV-287-JFJ |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Dolores C. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 416(i). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician;

the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.     Procedural History and the ALJ's Decision**

On June 27, 2018, Plaintiff, then a 52-year-old female, applied for Title II disability insurance benefits. R. 15, 162-65. Plaintiff alleges that she has been unable to work since January 1, 2017, due to irritable bowel syndrome, depression, anxiety, hypertension, asthma, migraine headaches, and neck pain. R. 162, 196. Plaintiff's claims for benefits were denied initially and on reconsideration. R. 72-94. ALJ Laura Roberts conducted an administrative hearing and issued a decision on February 3, 2021, denying benefits and finding Plaintiff not disabled. R. 15-31, 36-71. The Appeals Council denied review, and the ALJ's written decision represents the Commissioner's final decision for purposes of this appeal. R. 1-6; 20 C.F.R. § 404.981.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2017. R. 17. At step two, the ALJ found that Plaintiff's irritable bowel syndrome ("IBS"), cervical spondylosis, and migraine headaches were severe impairments, but that her depression, anxiety, posttraumatic stress disorder, asthma, and hypertension were non-severe. R. 17-20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 21-22.

After summarizing Plaintiff's hearing testimony, the medical source opinion evidence, and the objective medical evidence in the record, the ALJ concluded that Plaintiff had the RFC to perform a range of light work with "no exposure to extreme hot temperatures (over 90 degrees) or excessive humidity (over 80 percent) and no exposure to unprotected heights."  R. 22.

Based on the testimony of a vocational expert ("VE"), the ALJ found at step four that Plaintiff could return to her past relevant work as a traffic coordinator and traffic manager.  R. 29. At step five, the ALJ additionally found that Plaintiff could perform other occupations existing in significant numbers in the national economy, including general office clerk, motel clerk, and assistant manager.  R. 29-30.  The ALJ noted the VE's testimony was inconsistent with the information contained in the Dictionary of Occupational Titles ("DOT") but found the VE's explanation for such discrepancy was reasonable.  R. 30.  Accordingly, the ALJ concluded Plaintiff was not disabled.  R. 30-31.

**III.   Issues**

Plaintiff raises two points of error in her challenge to the denial of benefits: (1) the ALJ failed to properly evaluate the medical opinions of Dr. Tracy Smith, and (2) the ALJ ignored significantly probative evidence of limitations resulting from her IBS.  ECF No. 14.  Plaintiff contends that these errors render the ALJ's RFC determination unsupported by substantial evidence.  The Court agrees with the second argument that the ALJ ignored significantly probative evidence regarding Plaintiff's need for unscheduled breaks during an IBS flare-up, and therefore reverses and remands for further proceedings.  Although not raised, the Court further finds the ALJ inadequately explained how the medical and non-medical evidence supports the RFC assessment, which should be corrected on remand.

IV.     Analysis

   A.     Evidence Related to Plaintiff's IBS

The medical evidence relevant to this appeal reveals that Dr. Smith treated Plaintiff for IBS from May 2014 through August 2020.  R. 276-79, 323-61, 371-72, 390-97, 466-69.  At the outset of treatment, Plaintiff's IBS flare-ups generally occurred on Monday mornings.  R. 276, 352, 356, 358.  By October 13, 2016, Plaintiff indicated her IBS flare-ups were more sporadic in that she could "go a few weeks without diarrhea, then it returns.  [O]r she [could] go a few days, then it happens again."  R. 348.  Plaintiff also indicated her IBS symptoms occurred without warning, stating she could be feeling fine, then suddenly experiences abdominal pain and diarrhea for "45 minutes."  *Id.*  At this same visit, Dr. Smith noted the medications he prescribed in the past did not help Plaintiff's symptoms, but that he had not tried any of the "new" medications.  *Id.*  Dr. Smith then prescribed an antibiotic to treat Plaintiff's IBS.  *Id.*  At a follow-up appointment on January 26, 2017, Plaintiff reported that she had been doing "very well" until she woke up with severe abdominal pain, nausea, and diarrhea that morning.  R. 346.  Dr. Smith indicated Plaintiff's symptoms were likely another IBS flare and informed her of the availability of additional medications and further testing.  R. 346-47.

On May 22, 2017, Plaintiff reported IBS flare-ups "every week or two" that incapacitated her for half the day, and "wiped [her] out" the remainder of the day.  R. 337.  Dr. Smith referred Plaintiff for an abdominal CT scan, the results of which identified no acute pathology or evidence of diverticulitis.  R. 284-85.  In the Assessment/Plan section of his treatment note, Dr. Smith indicated that "no treatment so far has stopped [Plaintiff] from having severe flareups every week or two.  [D]uring a flareup she is completely unable to work at any job, due to severe pain, repeated vomiting and numerous stools.  [S]he essentially has to spend much of the day in the bathroom."  R. 338.  At a follow-up appointment on October 11, 2017, Plaintiff indicated that her major,

5

prolonged IBS episodes occurred after "intense emotional situations." R. 335. Dr. Smith reiterated that Plaintiff was unable to work at any job due to IBS, but further indicated that she was "at risk for missing several days of work at any time, depending on her stress level." R. 335-36.

Plaintiff's next follow up appointment with Dr. Smith took place on September 5, 2018. R. 327-28. Plaintiff reported that her anxiety had been "high from stress" for several weeks and that she was having "non-stop" IBS flare-ups. R. 327. Plaintiff stated that her medications were helpful, but she did not want to take them daily. *Id.* Dr. Smith indicated that anxiety was "driving" Plaintiff's IBS, and that Plaintiff was currently in a "bad anxiety cycle." *Id.* Dr. Smith instructed Plaintiff to take her anti-anxiety medication daily for a week "to break this cycle." *Id.* Thereafter, Plaintiff continued having appointments with Dr. Smith through August 2020, and treatment notes reflect active prescriptions for IBS medication, but Plaintiff's treatment during this period centered around impairments unrelated to her disability claim. R. 323-26, 371-72, 390-91, 394-97, 466-69. Plaintiff specifically denied experiencing nausea, vomiting, and/or diarrhea at several of these appointments in September 2019, December 2019, and August 2020. R. 390, 396, 468.[1]

**B.      ALJ's RFC Assessment is Not Supported by Substantial Evidence**

A claimant's RFC is her "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her medical impairments and symptoms. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, the ALJ must "must include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. *Id.* at *7. In other words, the ALJ must explain the basis for the limitations included in the RFC assessment with citations

---

[1] Beginning in June 2019 and continuing through October 2020, Plaintiff also regularly denied experiencing nausea, vomiting, and/or diarrhea at her behavioral health appointments. R. 400, 402, 404, 406, 408, 410, 464, 470. Prior to June 2019, Plaintiff consistently reported IBS flares, gastrointestinal issues, and/or nausea, vomiting, and diarrhea at these appointments. R. 412-62.

6

to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. Additionally, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved. *Id*. If the RFC conflicts with a medical source opinion, the ALJ must "explain why the opinion was not adopted." *Id.*

### 1. ALJ Failed to Properly Account for Plaintiff's IBS

Plaintiff contends that the ALJ failed to adequately account for her severe IBS in determining the RFC. Specifically, Plaintiff contends that the RFC assessment should have included limitations for unscheduled breaks throughout the workday and for work absences while she is experiencing an IBS flare-up. As support for her need for unscheduled breaks, Plaintiff points to the statement she made to Dr. Smith in October 2016 regarding the 45-minute duration of her abdominal pain and diarrhea during an IBS flare-up. R. 348. Plaintiff also points to Dr. Smith's May 2017 treatment note wherein Plaintiff reported that her IBS-related pain, vomiting, and diarrhea lasts for half the day during a flare-up, and Dr. Smith noted that Plaintiff "essentially has to spend much of the day in the bathroom" during a flare-up. R. 337-38. Regarding her need for absences from work, Plaintiff points to Dr. Smith's October 2017 statement that Plaintiff is "at risk for missing several days of work at any time, depending on her stress level." R. 336.

In her written decision, the ALJ summarized Dr. Smith's October 2016 and May 2017 treatment notes as part of the RFC discussion. R. 25. Although the ALJ acknowledged the frequency of Plaintiff's IBS flare-ups, she did not mention the duration of Plaintiff's symptoms or bathroom use during a flare-up. *Id.*

As an initial matter, the Court rejects Plaintiff's argument that Dr. Smith's May 2017 notation regarding Plaintiff's bathroom use during an IBS flare-up constitutes a medical opinion, which requires a persuasiveness analysis pursuant to 20 C.F.R. § 404.1520c. A medical opinion is a statement from a medical source about what a claimant "can still do despite [her] impairment(s)

7

and whether [she has] one or more impairment-related limitations or restrictions . . .." in her ability to perform the physical or mental demands of work. 20 C.F.R. § 404.1513(a)(2). The Court is unwilling to construe Dr. Smith's bathroom notation as a medical opinion. The May 2017 treatment note that contains Dr. Smith's bathroom notation also contains Plaintiff's self-reported incapacity for half the day with pain, vomiting, and diarrhea during an IBS flare-up in the note's History of Present Illness section. R. 337-38. Thus, it appears that Dr. Smith was recounting the subjective complaints Plaintiff reported to him, rather than propounding functional limitations of his own. Therefore, Dr. Smith's notation was not a statement from a medical source and does not constitute a medical opinion under the regulations. *See* 20 C.F.R. § 404.1502(e) (defining nonmedical source as "a source of evidence who is not a medical source," and identifying a claimant as a nonmedical source). Accordingly, the ALJ was not required to evaluate Plaintiff's bathroom use pursuant to 20 C.F.R. § 404.1520c(a)-(c). *See, e.g., Norris v. Barnhart,* 197 F. App'x 771, 774 n.4 (10th Cir. 2006) (finding the claimant's "self-reported history of chronic back pain made worse by bending and stooping" contained in the History of Present Illness section of the consultative examiner's report was not a medical opinion).

However, the Court finds reversible error, because the ALJ ignored Plaintiff's statements regarding the duration of her symptoms and the amount of time she spends in the bathroom during an IBS flare-up. Such statements are significantly probative evidence pertaining to Plaintiff's disability claim, as indicated by the VE's testimony. At the administrative hearing, the ALJ posed a hypothetical question to the VE that matched the RFC assessment set forth above. The VE testified that a hypothetical person with the same age, work history, and education as Plaintiff could perform Plaintiff's past work as a traffic manager and a traffic coordinator, as well as the jobs of general office clerk, motel clerk, and assistant manager. R. 66-68. When the ALJ asked the VE whether the available jobs would be impacted if the hypothetical person needed "one extra

five-minute break in the morning and one extra five-minute break in the afternoon to use the restroom," the VE responded affirmatively, stating that extra breaks were considered a special accommodation. R. 69. The VE further stated that an accommodation for extra breaks was unlikely on a production line but would usually be permitted for task-oriented jobs, so long as the individual completed her work in the allotted eight-hours. *Id.* Thus, Plaintiff's allegations regarding the length of time her IBS symptoms last and how long she is in a bathroom are consequential to the RFC assessment and the disability determination. Consideration of these allegations is particularly important because both treatment notes at issue suggest that Plaintiff's IBS symptoms persist longer than the five minutes addressed by the VE. Accordingly, the ALJ erred by ignoring this significantly probative evidence. *See Hamlin v. Barnhart,* 365 F.3d 1208, 1217 (10th Cir. 2004) (cleaned up) ("In addition to discussing the evidence supporting his decision, an ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."); *see also Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1167 (10th Cir. 2012) (stating that the ALJ must set "forth the specific evidence [s]he relies on" when evaluating a claimant's symptoms).

      **2.**     **ALJ Did Not Provide a Sufficient Narrative Discussion Explaining Her RFC Assessment**

The Court additionally concludes that the ALJ violated SSR 96-8p by failing to explain how the medical and non-medical evidence supports the RFC assessment. While the ALJ summarized the relevant evidence of record relating to Plaintiff's impairments, she did not explain how such evidence supported her finding that Plaintiff could perform the exertional requirements and tolerate the environmental limitations assessed in the RFC, *i.e.*, light work, no exposure to extreme hot temperatures (over 90 degrees), no exposure to excessive humidity (over 80 percent), and no exposure to unprotected heights. "It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to h[er] conclusions." *Pedraza v. Berryhill,* Case No.

9

17-2152-SAC, 2018 WL 6436093, at *2 (D. Kan. Dec. 7, 2018) (citing *Cruse v. U.S. Dept. of Health & Human Services,* 49 F.3d 614, 618 (10th Cir. 1995)).  The ALJ adopted the state agency physician's opinion that Plaintiff could perform light work and stated that she added "additional limitations" to consider "the complete record and claimant's allegations."  R. 28-29.  However, the ALJ did not explain how such limitations accounted for Plaintiff's severe IBS, cervical spondylosis, and migraine headaches.  The ALJ's conclusory RFC assessment prevents the Court from performing a meaningful review of her determination.  *See Spicer v. Barnhart,* 64 F. App'x 173, 177-78 (10th Cir. 2003) (stating that the ALJ's decision must be "sufficiently articulated so that it is capable of meaningful review").  Because the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p, her conclusions are not supported by substantial evidence.  *See Southard v. Barnhart,* 72 F. App'x 781, 784-85 (10th Cir. 2003) ("Because the ALJ failed to make all the detailed findings required by the regulations and rulings at step four, his RFC conclusions are not supported by substantial evidence.").[2]

**V.     Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 16th day of August, 2022.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] This legal error does not serve as the Court's grounds for reversal because Plaintiff did not raise the issue.  However, out of an abundance of caution and concern for wasting judicial resources, the Court has explained the error for correction on remand.